**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAN SINGH, | No. 06-74546 |
| Petitioner, | Agency No. A097-604-924 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Mohan Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JT/Research

relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility determination, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the IJ's finding that it was implausible that Singh would visit the United States on several occasions following his arrest and brutal beating in 1998 and not seek asylum, despite knowing that such relief was available to him. *See Loho v. Mukasey*, 531 F.3d 1016, 1017-19 (9th Cir. 2008) (petitioner's voluntary return to her home country inherently undermined her testimony that she experienced past suffering, and therefore supported an adverse credibility finding). In the absence of credible testimony, Singh has failed to establish he is eligible for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Singh's CAT claim is based on the same evidence the agency found not credible, and he points to no other evidence to show it is more likely than not he would be tortured if returned to India, his CAT claim fails. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**